# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SANDWICH ISLES COMMUNICATION, INC., *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | No. 10:1-CV-02341-EGS |
| v. | ) ) | **ANSWER OF DEFENDANT NATIONAL EXCHANGE CARRIER** |
| NATIONAL EXCHANGE CARRIER ASSOCIATION, | ) ) ) | **ASSOCIATION, INC.** |
| Defendant. | ) ) ) | |

**ANSWER OF DEFENDANT NATIONAL EXCHANGE CARRIER ASSOCIATION, INC.**

Defendant National Exchange Carrier Association, Inc. ("NECA") hereby answers the Complaint filed by Sandwich Isles Communications, Inc. ("SIC"), Gold Ivory LLC ("Gold Ivory"),  Healii Heine, and Harry Johnston (collectively "Plaintiffs") as follows:[1]

1.      NECA does not have sufficient information to either affirm or deny paragraph 1 of the Complaint.

2.      NECA denies the allegations in paragraph 2 of the Complaint, but admits the following:  NECA is a private corporation that was established in 1984 as a result of an order of the Federal Communications Commission ("FCC").  NECA administers two revenue pools, the "Common Line Pool" and the "Traffic Sensitive Pool" ("Pools"). The Pools are intended to allow NECA member companies, primarily Rate of Return incumbent local exchange companies

---

[1]     Although Fed. R. Civ. Pro. 12(a)(4) provides that an Answer need not be filed until 14 days after a dispositive motion is denied "unless the court sets another time", and defendant filed a motion to dismiss today, out of an abundance of caution the Answer is filed on February 25 to comply with the court's minute order of January 18, which specifies that defendant "shall file its answer by no later than February 25, 2011."

("ILECs"), often referred to as telephone companies, to pool certain revenues and costs that serve as the basis for interstate access rates filed with the FCC.  Only member ILECs are able to participate in the Pools.  NECA files a tariff on behalf of its participating member companies based on these pooled revenues and costs. The Pools, included revenues and costs, and the accompanying tariffs, are subject to the Communications Act of 1934, 47 U.S.C. § 1, *et seq*., and rules and regulations of the FCC.

3.     NECA denies the first and second sentences of paragraph 3 of the Complaint, but admits that SIC has been a member company and has participated in the Pools since 1998. NECA does not have sufficient information to either affirm or deny the third, fourth, fifth, sixth, and seventh sentences of paragraph 3 of the Complaint.  NECA denies the eighth sentence of paragraph 3 of the Complaint, but admits that NECA allowed approximately $ 1.9 million of costs on account of the undersea cable and associated network in its Traffic Sensitive  Pool and included as cost support for the NECA tariff that became effective on July 1, 2009.

4.     NECA denies paragraph 4 of the Complaint, but admits that NECA sent SIC a letter dated May 20, 2009.  Said letter speaks for itself.

5.     NECA denies paragraph 5 of the Complaint, but admits that NECA sent a letter to SIC dated May 5, 2009.  Said letter speaks for itself.  NECA admits that for the tariff that became effective on July 1, 2009, it included $ 1.9 million of SIC's submitted undersea cable and related network costs because the entirety of the submitted costs were not justifiable under the "used and useful" doctrine as administered and applied by the FCC and state public utility commissions.

6.     NECA denies paragraph 6 of the Complaint, but admits that the "used and useful" doctrine is a legal principle the FCC has employed in determining the costs that can justify the

level of tariffed rates.   In addition, paragraph 6 of the Complaint calls for a legal conclusion and therefore NECA is not required to affirm or deny this allegation.

7.      NECA admits paragraph 7 of the Complaint.

8.      NECA denies paragraph 8 of the Complaint.

9.      NECA does not have sufficient information to either affirm or deny paragraph 9 of the Complaint.  NECA denies that it has any liability for the actions complained of in the Complaint.

10.      NECA does not have sufficient information to either affirm or deny paragraph 10 of the Complaint.

11.      NECA does not have sufficient information to either affirm or deny paragraph 11 of the Complaint.

12.      NECA does not have sufficient information to either affirm or deny paragraph 12 of the Complaint.

13.      NECA does not have sufficient information to either affirm or deny paragraph 13 of the Complaint.

14.      NECA admits paragraph 14 of the Complaint.

15.      Paragraph 15 of the Complaint calls for a legal conclusion and therefore NECA is not required to respond to it.  NECA denies that this court has jurisdiction under 28 U.S.C. § 1332.  Notwithstanding, NECA does not owe any damages to Plaintiffs because it is in full compliance with the contracts between the parties, NECA's policies and procedures, and the rules and regulations of the FCC.

16.      Paragraph 16 of the Complaint calls for a legal conclusion and therefore NECA is not required to respond to it.  Notwithstanding, NECA does not owe any damages to Plaintiffs

because it is in full compliance with the contracts between the parties, NECA's policies and procedures, and the rules and regulations of the FCC.

17.     NECA does not have sufficient information to either affirm or deny paragraph 17 of the Complaint.

18.     NECA does not have sufficient information to either affirm or deny paragraph 18 of the Complaint.

19.     NECA does not have sufficient information to either affirm or deny paragraph 19 of the Complaint.

20.     NECA denies the first sentence of paragraph 20 of the Complaint. NECA does not have sufficient information to either affirm or deny the second and third sentences of paragraph 20 of the Complaint, except that NECA denies the statement "NECA had accepted all of those costs into the Pool."

21.     Paragraph 21 of the Complaint calls for a legal conclusion and therefore NECA is not required to respond to it.  The orders of the FCC speak for themselves.

22.     NECA does not have sufficient information to either affirm or deny the first and second sentences of paragraph 22 of the Complaint.  The third and fourth sentences of paragraph 22 of the Complaint call for legal conclusions and therefore NECA is not required to respond to them.  The orders of the FCC speak for themselves.  NECA denies the fifth sentence of paragraph 22 of the Complaint, but admits that in the FCC proceedings concerning SIC's 1997 petition, NECA filed comments that expressed support for inclusion of SIC's revenues and costs in the Pools in accordance with FCC rules and regulations.

23.     NECA does not have sufficient information to either affirm or deny the first sentence of paragraph 23 of the Complaint.  The second, third, and fourth sentences of paragraph

23 of the Complaint call for legal conclusions and therefore NECA is not required to respond to them.  The orders of the FCC speak for themselves.

24.     NECA does not have sufficient information to either affirm or deny the first, second, and third sentences of paragraph 24 of the Complaint.  The fourth sentence of paragraph 23 of the Complaint calls for a legal conclusion and therefore NECA is not required to respond to it.  The orders of the FCC speak for themselves.

25.     NECA does not have sufficient information to either affirm or deny the first and second sentences of paragraph 25 of the Complaint.  NECA denies the third sentence of paragraph 25 of the Complaint, but admits that SIC has submitted to NECA for inclusion in the Pools costs that SIC stated were associated with the lease of the undersea cable and associated network.

26.     NECA admits the first sentence of paragraph 26 of the Complaint.  NECA denies the second sentence of paragraph 26 of the Complaint, but admits that SIC and NECA met with FCC staff on May 18, 2009, and that NECA sent a letter to SIC informing it that $ 1.9 million of its submitted expenses would be included in the Pools.

27.     NECA denies paragraph 27 of the Complaint, but admits that NECA was established in 1984 as a result of an order of the Federal Communications Commission ("FCC"). The Pools are intended to allow NECA member companies, primarily incumbent local exchange companies ("ILECs"), often referred to as telephone companies, to pool certain revenues and costs that serve the basis for interstate access rates filed with the FCC.  NECA files a tariff on behalf of its member companies based on these pooled revenues and costs.  This pooling mechanism allows carriers with higher than average net costs to receive reimbursement for the remainder of their prudent costs from the Pools, and a carrier with lower than average net costs is

required to pay the amount of the remainder of their prudent costs into the Pools.  The Pools, included revenues and costs, and the accompanying tariffs, are subject to the Communications Act of 1934, 47 U.S.C. § 1, *et seq*., and rules and regulations of the FCC.

28.     NECA denies paragraph 28 of the Complaint, but admits the facts NECA states in paragraph 27 of this Answer.

29.     NECA denies the first sentence of paragraph 29 of the Complaint, but admits the facts NECA states in paragraph 27 of this Answer.  The second, third, and fourth sentences of paragraph 29 of the Complaint call for legal conclusions and therefore NECA is not required to respond to them.  Federal laws speak for themselves.

30.     The first sentence of paragraph 30 of the Complaint calls for a legal conclusion and therefore NECA is not required to respond to it.  Rules, regulations, and orders of the FCC speak for themselves.  NECA denies the second, third, and fourth sentences of paragraph 30 of the Complaint, but admits that there are approximately 1,100 ILECs that are members of at least one of the Pools and that in 2010 the average net investment in the Pools was  approximately $ 2.9 billion.

31.     NECA denies the first sentence of paragraph 31 of the Complaint.  The second sentence of paragraph 31 of the Complaint calls for a legal conclusion and therefore NECA is not required to respond to it.  FCC rules speak for themselves.  NECA admits the third sentence of paragraph 31.  NECA denies the fourth sentence of paragraph 31 of the Complaint, but admits that the quoted material accurately quotes language on the NECA website.  Notwithstanding, the NECA website speaks for itself.

32.     NECA does not have sufficient information to either affirm or deny paragraph 32 of the Complaint.

33.     NECA does not have sufficient information to either affirm or deny paragraph 33 of the Complaint.

34.     NECA does not have sufficient information to either affirm or deny paragraph 34 of the Complaint.

35.     NECA does not have sufficient information to either affirm or deny paragraph 35 of the Complaint.

36.     NECA does not have sufficient information to either affirm or deny paragraph 36 of the Complaint.

37.     NECA admits paragraph 37 of the Complaint, but clarifies that SIC's authority to be a pool member was established by FCC order, and the Contract constitutes the implementation of that FCC authority.

38.     NECA denies the first and second sentences of paragraph 38 of the Complaint. NECA denies the last sentence of paragraph 38 of the Complaint, but admits that in the FCC proceedings concerning SIC's 1997 petition, NECA filed comments that expressed support for inclusion of SIC's revenues and costs in the Pools in accordance with FCC rules and regulations.

39.     NECA denies paragraph 39 of the Complaint, but admits that prior to entering into the Contract, NECA was aware that SIC had applied for and had received preliminary approval for funding from the RUS to cover at least a portion of SIC network costs.

40.     NECA admits the first sentence of paragraph 40 of the Complaint.  NECA denies the second and third sentences of paragraph 40 of the Complaint, but admits that FCC rules determine which carriers are entitled to participate in the Pools, and that the Contract is the implementation of the FCC's authorization for particular companies to participate in the Pools. NECA admits that the FCC permitted SIC to participate in the Pools, but denies that SIC is an

ILEC for all purposes.   To the extent that these last two sentences purport to be a description of law, NECA is not required to either affirm or deny the allegations. The Contract speaks for itself.

41.     NECA denies paragraph 41 of the Complaint.  To the extent that the paragraph purports to be a statement of law, NECA is not required to either affirm or deny the allegation. The Contract speaks for itself.

42.     Paragraph 42 of the Complaint calls for a legal conclusion and therefore NECA is not required to respond to it.  The Contract speaks for itself.

43.     NECA denies paragraph 43 of the Complaint, but admits that "in 2004 NECA developed a uniform methodology" to guide "the accounting treatment of spare fiber, namely the NECA Spare Fiber C&WF Investment Cost Reporting Guidelines (the "Spare Fiber Guidelines")."  NECA states that the Spare Fiber Guidelines speak for themselves.

44.     The first and second sentences of paragraph 44 of the Complaint call for legal conclusions and therefore NECA is not required to respond to them.  The Contract speaks for itself.  NECA does not have sufficient information to either affirm or deny the third sentence of paragraph 44 of the Complaint.

45.     NECA denies paragraph 45 of the Complaint, but admits that SIC provided some information concerning the costs of the undersea cable and associated network at the request of NECA.  Said information speaks for itself.

46.     NECA denies paragraph 46 of the Complaint.  The Spare Fiber Guidelines speak for themselves.

47.     The first and second sentences of paragraph 47 of the Complaint call for a legal conclusion and therefore NECA is not required to respond to it.  The Contract speaks for itself. NECA admits the third sentence of paragraph 47 of the Complaint.  NECA denies the fourth

sentence of paragraph 47 of the Complaint, but admits that the FCC permitted SIC from April 1998 through July 1999 to settle on a cost basis even though SIC, as a new carrier, did not initially have historical cost data.

48.     NECA admits the first and third sentences of paragraph 48 of the Complaint. The second, fourth, fifth, and sixth sentences of paragraph 48 of the Complaint call for legal conclusions and therefore NECA is not required to respond to them.  The Contract speaks for itself.

49.     NECA denies paragraph 49 of the Complaint, but admits as follows:  NECA did not include the full amount of undersea cable and related network costs in the Pools requested by SIC.  NECA determined that it would include approximately $ 1.9 million in NECA Pools for the tariff year beginning on July 1, 2009, an amount which approximates what it cost SIC previously to lease transmission capacity from a third party, updated for then-current demand figures.  NECA is allowing approximately 50 percent of certain submitted costs pursuant to an FCC order, *Sandwich Isles Communications, Inc., Petition for Declaratory Ruling,* Declaratory Ruling, WC Docket No. 09-133, DA 10-1880 (Wir. Comp. Bur., rel. Sept. 29, 2010) ("*FCC Order*"), that SIC has asked the Wireline Competition Bureau of the FCC to reconsider.  Action on the petition for reconsideration has not yet been taken and the administrative proceeding is therefore not final.

50.     NECA denies paragraph 50 of the Complaint.

51.     NECA denies paragraph 51 of the Complaint but admits that NECA did not object to SIC's revenues and costs being included in the Pools in accordance with FCC rules and regulations.

52.     NECA denies paragraph 52 of the Complaint, but admits that prior to entering into the Contract, NECA was aware that SIC had applied for and had received preliminary approval for funding from the RUS to cover at least a portion of SIC network costs.

53.     NECA admits the first sentence of paragraph 53 of the Complaint.  NECA denies the second sentence of paragraph 53 of the Complaint, but admits that it sent the February 18, 2000 letter to SIC.  Said letter speaks for itself.

54.     NECA denies paragraph 54 of the Complaint, but admits that SIC discussed with personnel at NECA some aspects of its planned network deployment between 2000 and 2007, that SIC was negotiating for a lease, that SIC provided some cost information about that lease, and that an outline of the lease terms was provided to NECA around June 28, 2007.

55.     NECA admits the first and second sentences of paragraph 55 of the Complaint. NECA denies the third sentence of paragraph 55 of the Compliant.

56.     NECA denies paragraph 56 of the Complaint, but admits that SIC presented NECA with a copy of the Paniolo Lease on approximately February 21, 2008.

57.     NECA admits the first sentence of paragraph 57 of the Complaint.  NECA denies the second and third sentences of paragraph 57 of the Complaint.  NECA's correspondence with SIC speaks for itself.

58.     NECA denies paragraph 58 of the Complaint, but admits "SIC first reported a portion of its Paniolo Lease costs to NECA in January 2008 for the 2009 calendar year."  NECA included submitted costs in the cost justification in support for the tariff that went into effect on July 1, 2009.

59.     NECA denies paragraph 59 of the Complaint, but admits that it sent the May 5, 2009, letter to SIC.  Said letter speaks for itself.

60.     NECA denies paragraph 60 of the Complaint.

61.     NECA admits paragraph 61 of the Complaint.

62.     NECA denies paragraph 62 of the Complaint.

63.     NECA denies paragraph 63 of the Complaint.

64.     NECA does not have sufficient information to either affirm or deny paragraph 64 of the Complaint.

65.     NECA does not have sufficient information to either affirm or deny paragraph 65 of the Complaint.

66.     NECA does not have sufficient information to either affirm or deny paragraph 66 of the Complaint.

67.     NECA does not have sufficient information to either affirm or deny paragraph 67 of the Complaint.

68.     NECA denies the first and second sentences of paragraph 68 of the Complaint, but admits that it is responsible for administering the accounting and administrative functions association with managing the Pools, which administration is subject to the Contract, the Communications Act of 1934, FCC rules and regulations, and FCC orders. The third and fourth sentences of paragraph 68 of the Complaint call for legal conclusions and therefore NECA is not required to respond to them.

69.     NECA denies the first sentence of paragraph 69 of the Complaint, but admits that NECA's action to exclude part of the undersea cable and related network costs was based in part on the "used and useful" doctrine.  NECA denies the second sentence of paragraph 69 of the Complaint.

70.     NECA denies the first sentence of paragraph 70 of the Complaint. The second sentence of paragraph 70 of the Complaint calls for a legal conclusion and therefore NECA is not required to respond to it.

71.     NECA denies the first sentence of paragraph 71 of the Complaint, but admits that it issued the Spare Fiber Guidelines.  Said Guidelines speak for themselves.  NECA denies the second sentence of paragraph 71 of the Complaint.

72.     NECA denies paragraph 72 of the Complaint.

73.     NECA admits the first three sentences of paragraph 73 of the Complaint.  NECA denies the last sentence of paragraph 73 of the Complaint.

74.     NECA denies the first sentence of paragraph 74 of the Complaint, but admits that NECA informed SIC that a portion of undersea cable and related network costs would be included in the Pools.  NECA does not have sufficient information to either affirm or deny the second and third sentences of paragraph 74 of the Complaint.

75.     NECA admits paragraph 75 of the Complaint.

76.     Paragraph 76 of the Complaint calls for a legal conclusion and therefore NECA is not required to respond to it.  The *FCC Order* speaks for itself.

77.     The first and second sentences of paragraph 77 of the Complaint call for legal conclusions and therefore NECA is not required to respond to them.  The *FCC Order* speaks for itself.  NECA does not have sufficient information to either affirm or deny the third sentence of paragraph 77 of the Complaint.

78.     NECA does not have sufficient information to either affirm or deny paragraph 78 of the Complaint.

79.     NECA does not have sufficient information to either affirm or deny paragraph 79 of the Complaint.

80.     Paragraph 80 of the Complaint calls for a legal conclusion and therefore NECA is not required to respond to it.  The *FCC Order* speaks for itself.

81.     NECA admits paragraph 81 of the Complaint.

## CLAIMS FOR RELIEF
### First Claim for Relief

82.     NECA incorporates the responses in paragraphs 1 through 81 of this Answer in response to paragraph 82 of the Complaint.

83.     NECA denies paragraph 83 of the Complaint, but admits that SIC has reported revenues and expense figures for the Pools since at least April 1998.

84.     Paragraph 84 of the Complaint calls for a legal conclusion and therefore NECA is not required to respond to it.  The Contract speaks for itself .

85.     Paragraph 85 of the Complaint calls for a legal conclusion and therefore NECA is not required to respond to it.  The Contract speaks for itself.

86.     NECA denies paragraph 86 of the Complaint because NECA does not owe any damages to Plaintiffs.  NECA is in full compliance with the contracts between the parties, NECA's policies and procedures, and the rules and regulations of the FCC.

87.     NECA denies paragraph 87 of the Complaint because NECA does not owe any damages to Plaintiffs, and should not be required to take any action pursuant to the Complaint. NECA is in full compliance with the contracts between the parties, NECA's policies and procedures, and the rules and regulations of the FCC.

88.     Paragraph 88 of the Complaint calls for a legal conclusion and therefore NECA is not required to respond to it.  The Contract speaks for itself.  NECA denies that SIC will be

unable to obtain appropriate relief from the FCC if it is successful with its petition for reconsideration before the agency.

## Second Claim for Relief

89.     NECA incorporates the responses in paragraphs 1 through 88 of this Answer in response to paragraph 89 of the Complaint.

90.     Paragraph 90 of the Complaint calls for a legal conclusion and therefore NECA is not required to respond to it.  The Contract speaks for itself.

91.     Paragraph 91 of the Complaint calls for a legal conclusion and therefore NECA is not required to respond to it.  The Contract speaks for itself.

92.     NECA denies paragraph 92 of the Complaint because NECA does not owe any damages to Plaintiffs.  NECA is in full compliance with the contracts between the parties, NECA's policies and procedures, the rules and regulations of the FCC, and state law.

93.     NECA denies paragraph 93 of the Complaint because NECA does not owe any damages to Plaintiffs.  NECA is in full compliance with the contracts between the parties, NECA's policies and procedures, the rules and regulations of the FCC, and state law.

94.     NECA denies paragraph 94 of the Complaint because NECA does not owe any damages to Plaintiffs.  NECA is in full compliance with the contracts between the parties, NECA's policies and procedures, the rules and regulations of the FCC, and state law.

95.     NECA denies paragraph 95 of the Complaint because NECA does not owe any damages to Plaintiffs.  NECA is in full compliance with the contracts between the parties, NECA's policies and procedures, the rules and regulations of the FCC, and state law.

96.     NECA denies paragraph 96 of the Complaint because NECA does not owe any damages to Plaintiffs, and should not be required to take any action pursuant to the Complaint.

NECA is in full compliance with the contracts between the parties, NECA's policies and procedures, the rules and regulations of the FCC, and state law.

### Third Claim for Relief

97.     NECA incorporates the responses in paragraphs 1 through 96 of this Answer in response to paragraph 97 of the Complaint.

98.     Paragraph 98 of the Complaint calls for a legal conclusion and therefore NECA is not required to respond to it.

99.     NECA denies paragraph 99 of the Complaint, but admits that it was incorporated as a result of an FCC order.

100.     NECA denies paragraph 100 of the Complaint.  NECA is not a "state" nor has it been "delegated a public function by the State."

101.     NECA denies paragraph 101 of the Complaint.  NECA is not a "state" nor has it been "delegated a public function by the State."

102.     NECA denies paragraph 102 of the Complaint NECA is not a "state" nor has it been "delegated a public function by the State."

103.     NECA admits the fist sentence of paragraph 103 of the Complaint.  NECA denies the second and third sentences of paragraph 103 of the Complaint.

104.     NECA denies paragraph 104 of the Complaint.

105.     NECA denies paragraph 105 of the Complaint.

106.     NECA denies paragraph 106 of the Complaint.

107.     NECA denies paragraph 107 of the Complaint because NECA does not owe any damages to Plaintiffs, and should not be required to take any action pursuant to the Complaint. NECA is in full compliance with the contracts between the parties, NECA's policies and

procedures, and the rules and regulation of the FCC.  NECA is not a "state" nor has it been "delegated a public function by the State."

108.    NECA denies paragraph 108 of the Complaint because NECA does not owe any damages to Plaintiffs, and should not be required to take any action pursuant to the Complaint. NECA is in full compliance with the contracts between the parties, NECA's policies and procedures, and the rules and regulation of the FCC.  NECA is not a "state" nor has it been "delegated a public function by the State."

<b>Fourth Claim for Relief</b>

109.    NECA incorporates the responses in paragraphs 1 through 108 of this Answer in response to paragraph 109 of the Complaint.

110.    Paragraph 110 of the Complaint calls for a legal conclusion and therefore NECA is not required to respond to it.

111.    NECA does not have sufficient information to either affirm or deny paragraph 111 of the Complaint.

112.    NECA does not have sufficient information to either affirm or deny paragraph 112 of the Complaint.

113.    NECA does not have sufficient information to either affirm or deny paragraph 113 of the Complaint.

114.    NECA does not have sufficient information to either affirm or deny paragraph 114 of the Complaint.

115.    NECA does not have sufficient information to either affirm or deny paragraph 115 of the Complaint.

116.    NECA does not have sufficient information to either affirm or deny paragraph 116 of the Complaint.

117.    NECA does not have sufficient information to either affirm or deny paragraph 117 of the Complaint.

118.    NECA does not have sufficient information to either affirm or deny paragraph 118 of the Complaint.

119.    NECA denies paragraph 119 of the Complaint.

120.    NECA denies paragraph 120 of the Complaint.

121.    NECA denies paragraph 121 of the Complaint because NECA should not be required to take any action pursuant to the Complaint.  NECA is in full compliance with the contracts between the parties, NECA's policies and procedures, and the rules and regulation of the FCC.  NECA is not a "state" nor has it been "delegated a public function by the State."

122.    NECA denies paragraph 122 of the Complaint because NECA should not be required to take any action pursuant to the Complaint.  NECA is in full compliance with the contracts between the parties, NECA's policies and procedures, and the rules and regulation of the FCC.  NECA is not a "state" nor has it been "delegated a public function by the State."

**Fifth Claim for Relief**

123.    NECA incorporates the responses in paragraphs 1 through 122 of this Answer in response to paragraph 123 of the Complaint.

124.    NECA does not have sufficient information to either affirm or deny paragraph 124 of the Complaint.

125.    NECA does not have sufficient information to either affirm or deny paragraph 125 of the Complaint.

126.     NECA does not have sufficient information to either affirm or deny paragraph 126 of the Complaint.

127.     NECA denies paragraph 127 of the Complaint.

128.     NECA does not have sufficient information to either affirm or deny paragraph 128 of the Complaint.

129.     NECA denies the first sentence of paragraph 129 of the Complaint.  NECA denies the second and third sentences of paragraph 129 of the Complaint because NECA does not owe any damages to Plaintiffs.  NECA is in full compliance with the contracts between the parties, NECA's policies and procedures, the rules and regulations of the FCC, and state law.

130.     NECA denies paragraph 130 of the Complaint because NECA does not owe any damages to Plaintiffs.  NECA is in full compliance with the contracts between the parties, NECA's policies and procedures, the rules and regulations of the FCC, and state law.

## DEMAND FOR JUDGMENT CLAUSES

131.     NECA denies paragraph (i) of the Demand for Judgment because NECA does not owe any damages to Plaintiffs.  NECA is in full compliance with the contracts between the parties, NECA's policies and procedures, the rules and regulations of the FCC, and state law.

132.     NECA denies paragraph (ii) of the Demand for Judgment because NECA should not be required to take any action pursuant to the Complaint.  NECA is in full compliance with the contracts between the parties, NECA's policies and procedures, the rules and regulation of the FCC, and state law.

133.     NECA denies paragraph (iii) of the Demand for Judgment because NECA should not be required to take any action pursuant to the Complaint.  NECA is in full compliance with

the contracts between the parties, NECA's policies and procedures, the rules and regulation of the FCC. The Constitution of the United States does not apply to NECA.

134.    NECA denies paragraph (iv) of the Demand for Judgment because NECA does not owe any damages to Plaintiffs. NECA is in full compliance with the contracts between the parties, NECA's policies and procedures, and the rules and regulation of the FCC.

135.    NECA denies paragraph (v) of the Demand for Judgment because NECA does not owe any damages to Plaintiffs. NECA is in full compliance with the contracts between the parties, NECA's policies and procedures, the rules and regulation of the FCC, and state law.

## AFFIRMATIVE DEFENSES

**Affirmative Defense No. 1**

136.    The court lacks subject matter jurisdiction over the issues raised in the Complaint pursuant to 28 U.S.C. § 2342(1) and 47 U.S.C. § 402.

**Affirmative Defense No. 2**

137.    The Complaint fails to state a claim upon which relief may be granted.

**Affirmative Defense No. 3**

138.    Plaintiff's claims are barred by the *FCC Order*, which determined the amount of costs that could be included in NECA Pools. The action is thus barred under the doctrines of res judicata, collateral estoppel, or other similar bar.

**Affirmative Defense No. 4**

139.    Plaintiffs have sued the wrong party. The complaint is in reality about its inability to obtain a more favorable ruling from the Federal Communications Commission and/or the National Telecommunications & Information Administration. As such, it should have requested relief from FCC and/or NTIA.

**Affirmative Defense No. 5**

140.    Plaintiff's claim is barred by Sections II (carrier "shall comply with all applicable FCC Orders, Rules and Regulations") and III.A.1. (carrier "shall be responsible for the gathering, accuracy and reporting of all data in such form and at such times as may be reasonably required by the Association") of the Contract between NECA and SIC, attached to the Complaint. Failure to comply with the continuing accuracy requirement in this Contract entitles NECA under Section IX.2 of the Contract to recompute settlement and revenue distribution amounts to be in compliance with FCC's rules.   NECA properly complied with the terms of the Contract as specified in this Affirmative Defense.

**Affirmative Defense No. 6**

141.    SIC violated, and its claim is thus barred by, 47 U.S.C. § 69.601 *et seq*. of the FCC's rules and regulations, which require a member company to accurately provide NECA with costs and revenues from the provision of its interstate access services on a timely basis and to certify that the data is complete, accurate, and consistent with the Commission's rules.

**Affirmative Defense No. 7**

142.    Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

**Affirmative Defense No. 8**

143.    Plaintiff's claims are barred in whole or in part due to the doctrine of unclean hands and/or laches.

**Affirmative Defense No. 9**

144.    Plaintiff's claims are barred in whole or in part due to the fact that it has failed to mitigate any damages it may have suffered.

**Affirmative Defense No. 10**

145.    Plaintiff's claims against NECA are frivolous and/or so substantially without merit that NECA is entitled to recover its attorneys' fees and costs incurred in defending the matter pursuant to Fed. R. Civ. P. 11.

146.    Defendant reserves the right to amend this list of affirmative defenses if it discovers facts during discovery and trial that supports other affirmative defenses.

**PRAYER FOR RELIEF**

On the basis of the foregoing, Defendant requests that the court dismiss or deny the complaint with prejudice and assess costs, including an award of attorneys fees, upon Plaintiffs.

Respectfully submitted,

By: /s/ *Gregory J. Vogt*

| | |
|---|---|
| Regina McNeil | Gregory J. Vogt (D.C. Bar No. 297937) |
| Robert Deegan | Law Offices of Gregory J. Vogt, PLLC |
| National Exchange Carrier Association, Inc. | 2121 Eisenhower Ave. |
| | Suite 200 |
| 80 South Jefferson Road | Alexandria, VA 22314 |
| Whippany, NJ 07981 | (703) 838-0115 |
| (973) 884-8235 | gvogt@vogtlawfirm.com |
| | |
| Of Counsel | Counsel for National Exchange Carrier Association, Inc. |

Andrew C. Bernasconi
Judith L. Harris
Reed Smith, LLP
1301 K Street, NW
Suite 1100 - East Tower
Washington, DC 20005

Of Counsel

February 25, 2011

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 25th day of February, 2011, caused a copy of the foregoing "Answer of Defendant National Exchange Carrier Association, Inc." to be served by CM/ECF and by electronic mail upon the following:

Dana Frix
James A. Stenger
Chadbourne & Parke LLP
1200 New Hampshire Avenue, NW
Washington, DC 20036
dfrix@chadbourne.com

Thomas J. McCormack
Robert E. Grossman
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY  10112
tmccormack@chadbourne.com

/s/ *Gregory J. Vogt*
_____

Gregory J. Vogt