UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SANDWICH ISLES COMMUNICATION, INC., *et al.*, | ) ) ) | No. 10:1-CV-02341-EGS |
| Plaintiffs, | ) ) ) | DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS' MOTION FOR AN ORDER DIRECTING DEFENDANT TO PROCEED WITH DISCOVERY |
| v. | ) ) | |
| NATIONAL EXCHANGE CARRIER ASSOCIATION, | ) ) ) | |
| Defendant. | ) ) ) | |

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS' MOTION FOR AN ORDER DIRECTING DEFENDANT TO PROCEED WITH DISCOVERY**

**I.    INTRODUCTION.**

NECA filed a Motion to dismiss Plaintiffs' Complaint on two grounds:  lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).  In its 12(b)(6) Motion, NECA requested that the Court dismiss the Complaint or, in the alternative, stay all court proceedings pending a final decision by the Federal Communications Commission ("FCC") in the ongoing administrative proceeding initiated – and being vigorously pursued – by Plaintiff Sandwich Isles Communications, Inc. ("SIC").  The Plaintiffs have filed a Motion requesting that the Court order discovery to proceed pending a decision on the Motion to Dismiss the Complaint.  Although the Plaintiffs' Motion's request for relief is unclear, it appears that the Plaintiffs also ask that if the Court grants NECA's alternative Motion for a Stay under Rule 12(b)(6), that they be permitted to conduct discovery during the pendency of the administrative proceedings.

For the reasons discussed below, NECA requests first that discovery be stayed pending the Court's decision on its Motion to Dismiss for Lack of Subject Matter Jurisdiction under Rule 12(b)(1). NECA also requests that, should this Court grant the 12(b)(6) Motion and stay this case pending a final FCC decision, that it stay all proceedings in this case, including any discovery.

## II.  DISCOVERY SHOULD BE STAYED UNTIL THE COURT RULES ON THE DISPOSITIVE RULE 12(b)(1) MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION.

It is well established that during the pendency of a dispositive motion, it is appropriate to stay discovery proceedings. "It is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending.'" *Sibley v. United States Sup. Ct.,* Civ. No. 10-1696 (JDB), 2011 U.S. Dist. LEXIS 54452, slip op. at 21 (D. D.C. May 23, 2011) (attached as Appendix A). *Accord Institut Pasteur v. Chiron Corp.,* 315 F. Supp. 2d 33, 37 (D. D.C. 2004); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.,* 201 F.R.D. 1, 2 & 5 (D. D.C. 2001). *See also Smith v. Potter,* No. 09-60901, 2010 U.S. App. LEXIS 21575 (5th Cir., Oct. 13, 2010), slip op. at 17 (district court did not abuse its authority in staying discovery pending decision on motion to dismiss for lack of subject matter jurisdiction) (attached as Appendix B); *Dynamic Image Technologies, Inc. v. U.S.,* 221 F.3d 34, 38 (1st Cir. 2000) (district court did not err in denying plaintiffs' discovery before ruling on jurisdictional issues); *Petrus v. Bowen,* 833 F.2d 581, 583 (5th Cir. 1987) (stay of discovery pending resolution of motion to dismiss appropriate). The only exception recognized by the above-cited courts involved discovery needed to adequately address the jurisdictional issue raised, a situation Plaintiffs do not even claim is present in the instant case. *See, e.g., Sibley,* slip op. at 21 (no discovery permitted where plaintiff's request was not targeted to resolve

2

jurisdictional issues); *Dynamic Image Technology, supra,* 221 F.3d 34, 38 (no discovery where it is unlikely to be useful on the issue of jurisdiction); *Petrus,* 833 F.3d at 583 (nothing plaintiff could learn through discovery would affect resolution of the motion to dismiss).  Thus, Plaintiffs' request for general discovery during the pendency of the 12(b)(1) Motion to Dismiss should not be granted.

The reasons for holding off discovery pending the Court's resolution of a dispositive motion are obvious.  As the court in *Chavous* stated:

> A stay of discovery pending the determination of a dispositive motion "is an eminently logical means to prevent wasting the time and effort of all concerned and to make the most efficient use of judicial resources."

201 F.R.D. at 2 (citations omitted).  Permitting discovery to proceed at this juncture, only to ultimately dismiss the case for lack of subject matter jurisdiction, would be a total waste of time, resources, effort, and money, generating billable hours for counsel, but producing no benefit to the parties or the Court.

The cases cited by Plaintiffs are easily distinguishable.  The court in *Tamburo v. Dworkin,* 2010 U.S. Dist. LEXIS 121510 (N.D. Ill. Nov. 17, 2010), first noted that a stay of discovery is appropriate when a party raises a potentially dispositive threshold issue.  Under the circumstances in *Tamburo*, however, where the district court and the court of appeals had already ruled on the jurisdictional issues and the case had already been pending for over six years, the court found that a stay of discovery was not warranted.  Slip op. at 6-7.  Citing *Tamburo,* Plaintiffs assert that staying discovery until after ruling on the dispositive motion would require the Court to prematurely assess the merits of the motion to dismiss.  In the instant case, however, the grounds for NECA's Motion to Dismiss are straightforward and require no further factual elaboration through discovery.  The pending FCC proceeding was initiated by Plaintiff SIC.

Either the provisions of 28 U.S.C. § 2342(1) and 47 U.S.C. § 402(a) permit simultaneous FCC and district court proceedings or they do not. No further facts are necessary to inform the Court's decision on this issue. In any event, since "[a]s a general matter, trial courts should give Rule 12(b)(1) motions precedence," *Dynamic Image Technologies,* 221 F.3d at 37, a decision on subject matter jurisdiction is not expected to be unduly delayed in this case.

*Gray v. First Winthrop Corp.,* 133 F.R.D. 39 (N.D. Cal. 1990), is also distinguishable. In that case, defendants requested a stay of discovery even though some defendants had not yet filed dispositive motions. Moreover, the motions filed did not dispute the court's subject matter jurisdiction, but were instead motions for judgment on the pleadings and motions opposing class certification. As the *Gray* court noted, factual discovery might be needed for plaintiffs to respond to these motions. That is not the case here, and Plaintiffs have not cited any discovery that could aid their response to these motions.

*Ohio Bell Telephone Co. v. Global NAPS Ohio,* 2008 U.S. Dist. LEXIS 21288 (S.D. Ohio Mar. 4, 2008), did involve a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, but is nonetheless not pertinent. In *Ohio Bell,* defendants had first filed a motion to dismiss for lack of personal jurisdiction. After failing to have the case dismissed on that basis, defendants filed, some thirteen months later, a motion to dismiss for lack of subject matter jurisdiction and sought to stay discovery pending the court's ruling on their motion. Moreover, discovery had already begun and "a fair amount of discovery had been conducted." *Ohio Bell,* slip op. at 6. Given the long delay in filing the motion to dismiss and the fact that discovery was already ongoing, the court denied the motion for a stay of discovery. Neither of those factors is present here.

In *People With AIDS Health Group v. Burroughs Wellcome Co.,* 1991 U.S. Dist LEXIS 14389 (D. D.C. Oct. 11, 1991), the court denied a stay of discovery simply because the defendants had filed a 12(b)(6) motion to dismiss. In that case, however, there was no ongoing administrative proceeding brought by the plaintiffs. The motion to dismiss was based on the assertion that there was no justiciable case or controversy to support the plaintiffs' complaint seeking a declaratory judgment. In the instant case, the lack of subject matter jurisdiction is based on Congress' statutory provision directing challenges to final administrative decisions exclusively to the Courts of Appeals.[1]

Ordering discovery before ruling on the Motion to Dismiss for lack of subject matter jurisdiction would be a waste of the Court's and the parties' time, effort, and financial resources. There exist no factual issues that require further discovery before the Court can determine if it has subject matter jurisdiction over this case. Therefore, the Plaintiffs' request for discovery should be denied.

**III.   IF THE COURT RELIES ON PRIMARY JURISDICTION, ALL PROCEEDINGS, INCLUDING DISCOVERY, SHOULD BE STAYED UNTIL COMPLETION OF THE FCC ACTION AND ANY APPEALS.**

Plaintiffs appear to argue that, even if the Court refers the case to the FCC and does not dismiss the case, discovery should proceed, claiming this to be the most efficient course of action. NECA, in the alternative motion to dismiss argument, has contended that the case should simply be dismissed and referred to the agency. If the case is dismissed, there is no proceeding upon which to base discovery in court. However, if the Court were simply to stay these court

---

[1] In a later decision, the court ultimately did grant defendants' motion to dismiss. *People With AIDS Health Group v. Burroughs Wellcome Co.,* 1992 U.S. Dist. LEXIS 578 (Jan. 17, 1992).

proceedings, the same arguments pertaining to waste of time, money, and effort discussed above would obtain with respect to this issue as well.

NECA has already addressed why discovery should not be permitted during the pendency of a referral to the FCC.[2]  Courts routinely stay all proceedings, including discovery, when they refer a case to an agency on primary jurisdiction grounds.  This is true even where, as in the present case, plaintiffs raise issues based on state law causes of action.  *See, e.g. Greener Banducci Shoemaker PA v. T-Mobil USA,* 2007 U.S. Dist. LEXIS 96861 (D. Idaho, May 9, 2007)[3] (where court referred question of whether early termination fees were "rates" or "terms and conditions" under FCC rules, court also stayed plaintiffs' state law claims and determined that discovery should not proceed); *Gentry v. Cellco P'rship,* 2006 U.S. Dist. LEXIS 97876 (C.D. Cal., Mar. 22, 2006)[4] (even in case where court might ultimately rule on plaintiffs' state law claims, court stayed entire action when it referred question of early termination fees to FCC).  The court in *Gentry* elaborated on its reasons for refusing to allow discovery to go forward in a case where the same issues were before both the court and the FCC.  Plaintiffs had made no showing that the FCC proceedings would be long or protracted and it was certain that the FCC would address the issues raised by the plaintiffs.  That being the case, allowing discovery to proceed in court would be wasteful and an inefficient use of resources.

Although Plaintiffs discuss "delay" there has been no delay in the FCC proceeding, which SIC initiated and continues to vigorously pursue.  The same issues raised in the Complaint are before the agency.  As in *Gentry* "a stay in the entire matter is appropriate and advances the

---

[2]  *See* Defendant's Reply to Plaintiffs' Opposition to Motion to Dismiss For Lack of Subject Matter Jurisdiction and for Failure to State a Claim at 23-24 (filed March 24, 2011).

[3]  *Greener* was attached to NECA's Reply as Appendix 9.

[4]  *Gentry* was attached to NECA's Reply as Appendix 10.

interest of judicial economy." Slip op at 30.  Similarly, all discovery should be stayed in this case.

Plaintiffs' attempt to find precedent for its proposition has failed.  Plaintiffs cite *APCC Services, Inc. v. WorldCom, Inc.,* 305 F. Supp. 2d 1 (D. D.C. 2001), for the proposition that discovery is warranted even though the same issues are before both the FCC and the Court.  The facts in *APCC Services,* however, are far different from those in the present case.  In that case, the court had already denied defendants' motion for referral to the FCC and the case was proceeding in district court.  Unlike the case here, plaintiffs were not pursuing simultaneous agency and court proceedings on the same facts and issues.  The language cited by the Plaintiffs is mere *dicta* where the *APCC* court opined that should defendants at some point in the future file another motion seeking referral on an issue not yet identified, such a speculative possibility did not justify staying discovery.

Nor is the court's decision in *City of Newark v. Delmarva Power & Light Co.,* 467 F. Supp. 763 (D. Del. 1979), on point.  In that case, the utility's rates were regulated by both the state of Delaware (retail rates) and the Federal Power Commission (wholesale rates).  Plaintiffs sued for alleged antitrust violations in the way the utility used its wholesale and retail rates to try to squeeze the plaintiffs out of the market.  The court found that, if one agency controlled both retail and wholesale rates, the court would have no jurisdiction, since Congress gave the jurisdiction to regulate rates to the federal agency.  But where, as in *Delmarva*, the defendant was regulated by two distinct agencies and allegedly used that fact to devise an anticompetitive scheme, the court found that it did have jurisdiction under the antitrust laws to address the issue raised.  The court held that its exercise of jurisdiction over the antitrust claims would not be "inconsistent with or disruptive of the work which Congress contemplated the FPC would do and

the work which it contemplated state regulatory agencies would be left free to do." *Delmarva*, 467 F. Supp. at 769. Therefore, there was no need to stay discovery on those independent issues. Here, however, Plaintiffs seek discovery – and a Court ruling – on the very same issues that Plaintiff SIC is presently pursuing before the agency. Pursuing this case in court is certainly disruptive to and inconsistent with the ongoing administrative proceedings.

## IV. NUMEROUS FACTORS ARGUE AGAINST PERMITTING DISCOVERY TO PROCEED DURING THE PENDENCY OF THE FCC PROCEEDING.

Plaintiffs assert that courts disfavor stays of discovery and that NECA has not identified sufficient burdens to justify staying discovery. Along with the case law supporting stays of discovery already discussed, there are several good reasons not to proceed with discovery at this point. First and foremost, it might be totally unnecessary and therefore a waste of time, effort, and money. NECA has no independent source of financing; it is financed in large part through the pools it administers on behalf of its member companies, predominantly smaller rural telephone companies. Requiring NECA to proceed with premature discovery will financially burden the pools and, thus, its member companies. At this point imposing such a burden makes no sense, since the issues on which SIC is likely to seek discovery are presently being before the FCC and would become relevant only if the FCC or the Court of Appeals were to reverse the *WCB Declaratory Ruling's* decision that NECA acted reasonably.

Moreover, as discussed more fully in NECA's Memorandum and Reply, each and every one of the claims in Plaintiffs' Complaint will rise or fall depending on whether NECA's action was reasonable, the very same issue presented in the currently pending FCC proceeding. In order to rule in Plaintiffs' favor, this Court would need to review and reverse the *WCB Declaratory Ruling* and usurp not only the FCC's ability to continue its ongoing review, but the court of appeals' ability to review that decision as well. Plaintiff SIC claims NECA breached its

8

contract and its covenant of fair dealing. Yet if NECA's action was proper, no breach occurred.[5] Similarly, Plaintiffs' claims of equal protection violations and tortious interference with prospective business advantage depend upon a finding of some wrongdoing on NECA's part, a finding that would contradict the *WCB Declaratory Ruling's* finding that NECA acted reasonably. To permit discovery to occur before the administrative proceeding is concluded would burden the parties, interfere with the FCC's and any appellate court's review of the *WCB's Declaratory Ruling*, and serves no purpose at this point in the proceedings. The better course is to stay all proceedings, including discovery, until the conclusion of the administrative proceeding.

The cases cited by the Plaintiffs are all distinguishable. In *Kron Medical Corp. v. Groth,* 119 F.R.D. 636 (M.D. N.C. 1988), the motion before the court did not involve a primary jurisdiction referral to an administrative agency, but rather a motion to transfer the case to another federal district court. Since discovery in multiple jurisdictions was inevitable, the court saw no sense in issuing a stay. Nor did *Feldman v. Flood,* 176 F.R.D. 651 (M.D. Fla. 1997), involve a primary jurisdiction referral. The court there permitted discovery pending defendants' motion to dismiss for lack of standing because some of the discovery was relevant to the motion itself and the motion would not dispose of the entire case. That is not the case here because a final finding at the FCC that NECA acted properly would dispose of every claim Plaintiffs raise in this court. The situation in *Beecham v. Socialist People's Libyan Arab Jamahiriya,* 245 F.R.D. 1 (D. D.C. 2007), bears no relationship to the case at hand. There, the

---

[5] The contract between NECA and SIC requires both parties to "comply with all applicable FCC Orders." Agreement for the Distribution of Interstate Access Revenues Sandwich Isles Communications, Inc., § II. (Complaint, Exhibit A). Thus, far from being in breach of contract, both NECA and SIC are contractually required to follow the *WCB Declaratory Ruling.*

defendants had refused to comply with no less than four court orders regarding discovery. Although defendants challenged subject matter jurisdiction, they moved to stay discovery on the jurisdictional issues. Not surprisingly, the court denied the motion, finding that defendants had not "proven that jurisdictional discovery will be unnecessarily costly or time-consuming" and that "four years is a long enough time to postpone resolution of the court's jurisdiction." *Beecham,* 245 F.R.D. at 2-3.

Excessive delay was also a factor in the court's decision not to stay discovery in *Campbell v. United States Dept. of Justice,* 231 F. Supp. 2d 1 (D. D.C. 2002). In that case, plaintiff, a journalist interested in gathering information on James Baldwin, filed a FOIA request with the FBI in 1988. After more than a decade of squabbling both in district court and in the court of appeals over which documents were subject to FOIA and whether the FBI's searches for the documents had been sufficient, the district court on remand ordered limited discovery as to the location and contents of one group of documents. Instead of complying, the defendant filed a motion for a protective order that would have barred – not delayed – any response to plaintiff's limited discovery request. The court denied the defendant's motion.

None of these cases involved a primary jurisdiction referral and, in several, the motion to delay or bar discovery had been just the latest tactic in protracted efforts to thwart plaintiffs' cases. In others, discovery was inevitable. None of these cases argues for discovery in the instant case where the parties are already participating in SIC's ongoing administrative challenge, wherein there has been no protracted delay.

## V.   DELAY IN DISCOVERY WILL CAUSE NO HARM TO PLAINTIFFS

There is simply no reason to press on with expensive, wasteful discovery at this point in time, and Plaintiffs have identified no specific information that they believe they need to obtain

or preserve. Plaintiffs plead that bankruptcy looms just around the corner, a claim Plaintiff SIC has been making for years, but Plaintiffs fail to show how conducting discovery in the district court will stave off the alleged financial ruin. Discovery in this Court will afford no protection against bankruptcy because Plaintiffs still must await a final decision from the agency, including any appeal. Therefore, ongoing discovery will have no impact on imminent financial catastrophe, nor will it give Plaintiffs the relief they seek. Forcing NECA, and therefore its members, to fund Plaintiff's wasteful and duplicative discovery expedition in a case stayed pending the outcome of the FCC proceedings, on the other hand, does impose a real, immediate, and in all likelihood unnecessary, financial burden on NECA members.

Plaintiffs also assert that delaying discovery will cause injury because the passage of time will dull memories and cause vital information to be lost.[6] But SIC has shown no delay in this case, and SIC has requested discovery in the ongoing administrative proceeding. Should this Court grant NECA's request for referral to the FCC, the entire case should be stayed. There is no need to conduct discovery at this time.

---

[6] Plaintiffs point to the passing away of SIC's accountant as an example of injury caused by delay. While his death is no doubt unfortunate, there is no showing that Plaintiffs' case depends upon the testimony of any one person. Assumedly there are accounting records available and these would be sufficient to prove whatever economic harm Plaintiffs assert was caused by NECA's action.

11

## CONCLUSION

For the foregoing reasons, NECA respectfully requests that this Court deny Plaintiffs' Motion for an Order Directing Defendant To Comply with Its Discovery Obligations.

By: /s/ *Gregory J. Vogt*

| | |
|---|---|
| Regina McNeil<br>Robert Deegan<br>National Exchange Carriers Association, Inc.<br>80 South Jefferson Road<br>Whippany, NJ 07981<br>(973) 884-8235<br><br>Of Counsel<br><br>Andrew C. Bernasconi<br>Judith L. Harris<br>Reed Smith, LLP<br>1301 K Street, NW<br>Suite 1100 - East Tower<br>Washington, DC 20005<br><br>Of Counsel<br><br>June 20, 2011 | Gregory J. Vogt (D.C. Bar No. 297937)<br>Law Offices of Gregory J. Vogt, PLLC<br>2121 Eisenhower Ave.<br>Suite 200<br>Alexandria, VA 22314<br>(703) 838-0115<br>gvogt@vogtlawfirm.com<br><br>Counsel for National Exchange Carriers Association, Inc. |

## CERTIFICATE OF SERVICE

      I hereby certify that I have on this 20th day of June, 2011, caused a copy of the foregoing "Defendant's Memorandum of Points and Authorities in Opposition to Plaintiffs' Motion for an Order Directing Defendant to Proceed with Discovery" to be served by CM/ECF and by electronic mail upon the following:

Dana Frix
James A. Stenger
Chadbourne & Parke LLP
1200 New Hampshire Avenue, NW
Washington, DC 20036
dfrix@chadbourne.com

Thomas J. McCormack
Robert E. Grossman
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
tmccormack@chadbourne.com

                                             /s/ *Gregory J. Vogt*
                                             Gregory J. Vogt