# APPENDIX A



**MONTGOMERY BLAIR SIBLEY, Plaintiff, v. U.S. SUPREME COURT, et al., Defendants.**

Civil Action No. 10-1696 (JDB)

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

2011 U.S. Dist. LEXIS 54452

May 23, 2011, Decided
May 23, 2011, Filed

**PRIOR HISTORY:** *In re Sibley, 990 A.2d 483, 2010 D.C. App. LEXIS 89 (D.C., 2010)*

**COUNSEL:** [*1] MONTGOMERY BLAIR SIBLEY, Plaintiff, Pro se, Washington, DC.

For UNITED STATES SUPREME COURT, JOHN G. ROBERTS, SAMUEL ANTHONY ALITO, JR., STEPHEN G. BREYER, RUTH BADER GINSBURG, ANTHONY M. KENNEDY, JR., ANTONIN SCALIA, SONIA SOTOMAYOR, JOHN PAUL STEVENS, CLARENCE THOMAS, Justices of United States Supreme Court, CYNTHIA RAPP, Deputy Clerk, United States Supreme Court, ERIC H. HOLDER, JR., U.S. Attorney General, MARK LANGER, JOHN DOE, Deputy Marshal #1 and #2, Defendants: Rhonda Lisa Campbell, LEAD ATTORNEY, U.S. DEPARTMENT OF JUSTICE, Washington, DC.

For RICHARD J. LEON, Defendant: Rhonda Lisa Campbell, LEAD ATTORNEY, U.S. DEPARTMENT OF JUSTICE, Washington, DC; Robert Craig Lawrence, LEAD ATTORNEY, U.S. ATTORNEY'S OFFICE, Civil Division, Washington, DC.

For DISTRICT OF COLUMBIA COURT OF APPEALS, Defendant: Andrew J. Saindon, D.C. OFFICE OF ATTORNEY GENERAL, Washington, DC.

For HENRY H. KENNEDY, JR., Defendant: Robert Craig Lawrence, LEAD ATTORNEY, U.S. ATTORNEY'S OFFICE, Civil Division, Washington, DC.

**JUDGES:** JOHN D. BATES, United States District Judge.

**OPINION BY:** JOHN D. BATES

**OPINION**

## MEMORANDUM OPINION

Before the Court are several motions from plaintiff, who seeks declaratory relief and damages from the United States [*2] Supreme Court, Justices of the Supreme Court ("Justices"), United States District Court Judge Richard J. Leon ("Judge Leon"), United States District Court Judge Henry H. Kennedy, Jr. ("Judge Kennedy"), Attorney General Eric H. Holder, Jr. ("Attorney General Holder"), the District of Columbia Court of Appeals, Chief Judge of the District of Columbia Court of Appeals Eric T. Washington ("Chief Judge Washington"), District of Columbia Circuit Court of Appeals Clerk Mark Langer ("Clerk Langer"), United States Supreme Court Deputy Clerk Cynthia Rapp ("Deputy Clerk Rapp"), the United States Marshals Service, and two unnamed officers from the United States Marshals Service ("Unnamed Deputy Marshals"). Am. Compl. [Docket Entry 48] at 4-6. Defendants have filed several responses, including a [52] motion to dismiss by federal defendants, a [53] motion to dismiss by Judge Leon and Judge Kennedy and a [60] motion to dismiss by the District of Columbia Court of Appeals. For the following reasons, the motions to dismiss will be granted.

Background

Case 1:10-cv-02341-ABJ Document 18-2 Filed 06/17/11 Page 3 of 7

Page 2
2011 U.S. Dist. LEXIS 54452, *

Pro se plaintiff Sibley was suspended from the practice of law in Florida for a period of three years on March 7, 2008. Id. at 9. Likewise, on March 11, [*3] 2008, the District of Columbia Court of Appeals suspended plaintiff's license to practice law for three years and required plaintiff to sign an affidavit that he was not "practicing law" in the District of Columbia. Id. at 23. Plaintiff alleges that the District of Columbia Court of Appeals attorney disbarment rules and practices violate a number of his constitutional rights. Plaintiff also alleges that the United States Supreme Court "putatively" suspended him from the practice of law in that Court without ruling on a pending petition he had filed in a previous case before that Court, see id. at 9, and refusing to file a motion that he submitted after his suspension, id. at 10. He was disbarred from practice before the United States Supreme Court on May 17, 2010. Id. at 10-11. Plaintiff continued to file petitions and motions before the Supreme Court on several other matters, and he alleges that Justice Thomas's failure to act on a particular motion for an extension of time to file a petition for writ of certiorari wrongfully precluded plaintiff from seeking review before the Supreme Court in that case. Id. at 11-12. Plaintiff also alleges that the "rules and practices of Defendant [*4] United States Supreme Court have violated Plaintiff's fundamental, constitutional and statutory rights in attorney disbarment proceedings before Defendant United States Supreme Court." Id. at 13.

Plaintiff also sues Judge Leon and Judge Kennedy, who have ruled contrary to plaintiff's desires on this or another of plaintiff's numerous prior cases in this district. See id. at 20, 27. And plaintiff sues the Marshals Service for escorting him to the District Court Clerk's office upon his arrival at the United States Courthouse for the District of Columbia. Id. at 21-22.

**STANDARD OF REVIEW**

"[I]n passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader." *Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974)*; see *Leatherman v. Tarrant Cty. Narcotics and Coordination Unit, 507 U.S. 163, 164, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993)*; *Phillips v. Bureau of Prisons, 591 F.2d 966, 968, 192 U.S. App. D.C. 357 (D.C. Cir. 1979)*. Therefore, the factual allegations must be presumed true, and plaintiff must be given every favorable inference that may be drawn from the allegations of fact. *Scheuer, 416 U.S. at 236*; [*5] *Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113, 342 U.S. App. D.C. 268 (D.C. Cir. 2000)*. However, the Court need not accept as true "a legal conclusion couched as a factual allegation," nor inferences that are unsupported by the facts set out in the complaint. *Trudeau v. Federal Trade Comm'n, 456 F.3d 178, 193, 372 U.S. App. D.C. 335 (D.C. Cir. 2006)* (quoting *Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986))*.

Under *Rule 12(b)(1)*, the party seeking to invoke the jurisdiction of a federal court --plaintiff here -- bears the burden of establishing that the court has jurisdiction. See *US Ecology, Inc. v. U.S. Dep't of Interior, 231 F.3d 20, 24, 343 U.S. App. D.C. 386 (D.C. Cir. 2000)*; see also *Grand Lodge of Fraternal Order of Police v. Ashcroft, 185 F. Supp. 2d 9, 13 (D.D.C. 2001)* (a court has an "affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority."); *Pitney Bowes, Inc. v. United States Postal Serv., 27 F. Supp. 2d 15, 19 (D.D.C. 1998)*. "'[P]laintiff's factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion' than in resolving a 12(b)(6) motion for failure to state a claim." *Grand Lodge, 185 F. Supp. 2d at 13-14* (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal [*6] Practice and Procedure ß 1350 (2d ed. 1987))*. Additionally, a court may consider material other than the allegations of the complaint in determining whether it has jurisdiction to hear the case, as long as it still accepts the factual allegations in the complaint as true. See *Jerome Stevens Pharmaceuticals, Inc. v. FDA, 402 F.3d 1249, 1253-54, 365 U.S. App. D.C. 270 (D.C. Cir. 2005)*; *EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624-25 n.3, 326 U.S. App. D.C. 67 (D.C. Cir. 1997)*; *Herbert v. Nat'l Acad. of Scis., 974 F.2d 192, 197, 297 U.S. App. D.C. 406 (D.C. Cir.1992)*.

In reviewing a motion to dismiss pursuant to *Rule 12(b)(6)*, the Court is mindful that all that the Federal Rules of Civil Procedure require of a complaint is that it contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)* (quoting *Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957))*; accord *Erickson v. Pardus, 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007)* (per curiam). Although "detailed factual allegations" are not necessary to withstand a *Rule 12(b)(6)* motion to dismiss, to provide the "grounds" of "entitle[ment] [*7] to relief," a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly, 550 U.S. at 555-56*; see also *Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)*. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal, 556 U.S. , 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)* (quoting *Twombly, 550 U.S. at 570*); *Ather-*

ton v. District of Columbia Office of the Mayor, 567 F.3d 672, 681, 386 U.S. App. D.C. 144 (D.C. Cir. 2009). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal, 129 S. Ct. at 1949*. This amounts to a "two-pronged approach" under which a court first identifies the factual allegations entitled to an assumption of truth and then determines "whether they plausibly give rise to an entitlement to relief." *Id. at 1950-51*.

**DISCUSSION**

Federal defendants contend that plaintiff fails to state a claim against the Justices, Deputy Clerk Rapp and Clerk Langer because these parties are entitled to absolute [*8] judicial immunity. Fed. Def's Mot. to Dismiss [Docket Entry 52] at 4. Judge Leon and Judge Kennedy move to dismiss on the same grounds. Leon & Kennedy Mot. to Dismiss [Docket Entry 53] at 4-6. Federal defendants also contend that this court lacks jurisdiction over plaintiff's claim against the Marshals Service because plaintiff failed to exhaust administrative remedies. Fed. Def.'s Mot. to Dismiss at 11-13. Defendant District of Columbia Court of Appeals ("DCCA") contends that it is non *sui juris*. DCCA Mot. to Dismiss [14] at 16-17. Plaintiff disagrees with all these contentions.[1] This Court will grant defendants' motions to dismiss and dismiss plaintiff's case in its entirety.

> 1   Plaintiff also asserts that, since default was entered against the Justices, the Supreme Court, Deputy Clerk Rapp, Attorney General Holder, and Judge Leon, they lack standing to respond to his first amended complaint. Pl.'s Mem. in Opp [Docket Entry 57] at 1-2; see also Entry of Default [Docket Entry 24]. These defendants maintain that their response to plaintiff's original complaint was timely and that entry of default should be set aside. See Mot. to Set Aside Default [Docket Entry 35]. "Because courts strongly [*9] favor resolution of disputes on their merits, and because 'it seems inherently unfair' to use the court's power to enter judgment as a penalty for filing delays, modern courts do not favor default judgments." *Flynn v. Old World Plaster, LLC, 741 F. Supp. 2d 268, 270 (D.D.C. 2010)* (quoting *Jackson v. Beech, 636 F.2d 831, 835, 205 U.S. App. D.C. 84 (D.C. Cir. 1980))*. "Accordingly, default judgment usually is available 'only when the adversary process has been halted because of an essentially unresponsive party . . . [as] the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights.'" *Jackson, 636 F. 2d at 836* (citations omitted). Good cause is present here to set aside the entry of default. See *Fed. R. Civ. P. 55(c)*.

I. Judicial Defendants Entitled to Absolute Judicial Immunity

"Judges enjoy absolute judicial immunity from suits for money damages for all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of all jurisdiction." *Sindram v. Suda, 986 F.2d 1459, 1460, 300 U.S. App. D.C. 110 (D.C. Cir. 1993)*. "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess [*10] of his authority." *Stump v. Sparkman, 435 U.S. 349, 356-57, 362, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978)* (ruling that an Indiana circuit court judge was not deprived of absolute immunity when he approved a mother's ex parte petition to have her 15-year-old daughter sterilized without her knowledge or consent, because the judge approved this petition in his capacity as circuit court judge of general jurisdiction); see also *Sibley v. Breyer, 456 F. Supp. 2d 43, 45 (D.D.C. 2006)* ("[T]he doctrine of absolute judicial immunity represents an absolute bar to Mr. Sibley's claims."). Plaintiff asserts without support that the actions of the judicial defendants are not entitled to judicial immunity. Plaintiff is incorrect, and all judicial defendants are in fact entitled to judicial immunity.

A. United States Supreme Court Justices

Plaintiff alleges that the Justices refused to "say what the law is," failed to provide him with a speedy disbarment trial, denied him an impartial tribunal for his disbarment trial, failed to rule on plaintiff's petition for rehearing, and that Justice Thomas in particular failed to timely rule on a motion. Am. Compl. at 13-15, 18; Pl's Opp'n [Docket Entry 57] at 10. All of plaintiff's allegations [*11] against the Justices of the Supreme Court arise from decisions made in their judicial capacity, and hence absolute judicial immunity is a bar to plaintiff's claims against them. See *Sindram, 986 F.2d at 1460*.

Plaintiff contends that the Justices "usurped jurisdiction" by "failing to say what the law is" and denying him an impartial tribunal. Pl.'s Opp'n [57] at 14-15. He also disputes the legality of the judicial immunity doctrine. *Id. at 13-14*. These arguments are unavailing. Plaintiff has sued the Supreme Court and its Justices on several occasions and, like here, he has then faulted the Justices for not ruling on his motions in a timely manner, denying writs of certiorari, and failing to recuse themselves to provide an impartial tribunal. See, e.g., *Sibley v. Breyer, 456 F. Supp. 2d at 45*; *Sibley v. U.S. Supreme Court, 136 Fed. Appx. 252 (11th Cir. 2005)*, cert. denied, *546 U.S. 1016, 126 S. Ct. 666, 163 L. Ed. 2d 527 (2005)*. Such

Case 1:10-cv-02341-ABJ Document 18-2 Filed 06/17/11 Page 5 of 7

Page 4
2011 U.S. Dist. LEXIS 54452, *

arguments are "nonsense." *Reddy v. O'Connor, 520 F. Supp. 2d. 124, 131 (D.D.C. 2007)* (noting that "recusal is not required where the claim is 'wholly frivolous' or a litigant has named a judicial officer as a defendant to force him out of the case"). Indeed, "Supreme Court Justices are acting [*12] within their jurisdiction when they choose to deny writs of certiorari," *Sibley v. U.S. Supreme Court, 136 Fed. Appx. at 254*, and it is within the scope of a judge's jurisdiction to decide when he or she will rule on a pending motion, see *Moore v. Burger, 655 F.2d 1265, 1266, 211 U.S. App. D.C. 35 (D.C. Cir. 1981)*. Furthermore, "because the [Supreme Court and individual Justices] had jurisdiction to resolve Mr. Sibley's earlier civil action[s], it is clear that they are entitled to absolute judicial immunity from suits challenging their participation in [them]." *Sibley v. Breyer, 456 F. Supp. 2d at 45*. Hence, all claims against the Justices must be dismissed.

B. District Court Judges Leon and Kennedy

Plaintiff seeks damages from Judge Leon for dismissing, sua sponte, a prior case against the Justices. Am. Compl. at 19-20. Plaintiff seeks damages from Judge Kennedy for "refusing to timely rule" on plaintiff's motion for preliminary injunction in this case. Id. at 27. Dismissing a case and deciding when to rule on a pending motion are actions taken within a judge's judicial capacity and jurisdiction. See *Sindram, 986 F.2d at 1460*. Plaintiff appears to seek a judgment against Judge Kennedy and Judge Leon in [*13] their individual capacities, but he has not identified any act taken by Judge Kennedy or Judge Leon outside of their judicial capacities. Hence, plaintiff's allegations fail to state a claim because Judge Kennedy and Judge Leon acted within their capacity as federal judges and are entitled to absolute immunity.

C. Defendants Cynthia Rapp and Mark Langer

Judicial immunity extends to court clerks who perform "tasks that are an integral part of the judicial process." *Sindram, 986 F.2d at 1460-61*; *Hilska v. Suter, 308 Fed. App'x 451, 452 (D.C. Cir. 2009)* ("[C]lerks enjoy absolute immunity from damages for performance of tasks that are an integral part of the judicial process."). The clerk or deputy clerk's receipt and processing of a litigant's filings are part and parcel of the process of adjudicating cases. *Reddy, 520 F. Supp. 2d at 130*. Plaintiff alleges that Deputy Clerk Rapp failed to file plaintiff's pleadings in his disbarment proceedings and that Clerk Langer refused to correct a docketing error. Am. Compl. at 9, 25. Plaintiff appears to seek a judgment against Deputy Clerk Rapp and Clerk Langer [2] in their individual capacities, but he has not identified any act taken by the clerks [*14] outside of the performance of tasks within the judicial process. Hence, plaintiff's allegations fail to state a claim because Deputy Clerk Rapp and Clerk Langer acted within their capacity as judicial clerks and are entitled to absolute immunity.

 2 Plaintiff also seeks declaratory relief against Clerk Langer, alleging that he should correct a docketing error. Am. Compl. at 25. This Court lacks subject matter jurisdiction over this claim for the reasons discussed.

II. Defendant District of Columbia Court of Appeals is Non*Sui Juris*

"[I]n the absence of explicit statutory authorization, bodies within the District of Columbia government are not suable as separate entities." *Daskalea v. Washington Humane Society, 480 F. Supp. 2d 16, 22 (D.D.C. 2007)*; see also *Plater v. D.C. Dep't of Transp., 530 F. Supp. 2d 101, 102 n.1 (D.D.C. 2008)*; *Kundrat v. District of Columbia, 106 F. Supp. 2d 1, 6 (D.D.C. 2000)* (ruling that the Superior Court of the District of Columbia is not a suable entity). "[T]he legislation which vested the judicial power of the District of Columbia in the Superior Court and Court of Appeals did not authorize those courts to be sued either expressly or by implication." *Kundrat, 106 F. Supp. 2d at 6*; [*15] see *D.C. Code ßß 11-101, 11-102, 11-701, 11-901 (2001 ed.)*; *Blackmar v. Guerre, 342 U.S. 512, 514-15, 72 S. Ct. 410, 96 L. Ed. 534 (1952)* ("When Congress authorizes one of its agencies to be sued eo nomine, it does so in explicit language, or impliedly because the agency is the offspring of such a suable entity."); *Chisholm v. Superior Court of D.C., 2007 U.S. Dist. LEXIS 40040, 2007 WL 1601718, at *1 n.1 (D.D.C. 2007)* (listing cases). Hence, the District of Columbia courts are not suable entities and plaintiff's claims against the District of Columbia Court of Appeals must be dismissed. [3]

 3 Plaintiff also names Chief Judge of the District of Columbia Court of Appeals Eric T. Washington as defendant "solely in his representative capacity." Am. Compl. at 8. Plaintiff does not allege any action by Chief Judge Washington, and to the extent that plaintiff seeks a judgment against Chief Judge Washington, plaintiff's allegations fail to state a claim upon which relief may be granted because Chief Judge Washington is entitled to absolute immunity.

III. Injunctive Relief

To the extent plaintiff seeks injunctive relief stemming from rulings or to compel official action from the Supreme Court, he is in the wrong place. This court is not a reviewing court [*16] and cannot compel Supreme

Case 1:10-cv-02341-ABJ Document 18-2 Filed 06/17/11 Page 6 of 7

Page 5
2011 U.S. Dist. LEXIS 54452, *

Court justices or other Article III judges in this or other districts or circuits to act. See, e.g., *Hilska, 308 Fed. App'x at 452* ("Lower courts have no supervisory authority over the Supreme Court or its employees.") (citing *Marin v. Suter, 956 F.2d 339, 340, 294 U.S. App. D.C. 53 (D.C. Cir. 1992))*; *Sanders v. United States, 184 Fed. App'x 13, 14 (D.C. Cir. 2006)* (holding that the district court "lack[s] jurisdiction to review decisions" of a U.S. court of appeals) (per curiam). This court cannot compel Clerk Langer to correct a docketing error and certainly cannot require the Supreme Court to accept plaintiff's case or enforce a decree against the Supreme Court regarding its attorney disbarment proceedings. Hence, plaintiff's claims seeking declaratory and injunctive against the Supreme Court or other appellate courts and their agents must fail.

Plaintiff contends that this court has subject matter jurisdiction over his claims for declaratory relief pursuant to *42 U.S.C. ß 1983*, Pl.'s Opp'n at 4-5, and that a private right of action exists to challenge the Supreme Court's allegedly unconstitutional rules and practices. *Id. at 6-8*. These arguments are unavailing. First, "[b]y its [*17] terms, *ß 1983* does not apply to federal officials acting under federal law." *Settles v. U.S. Parole Comm'n, 429 F.3d 1098, 1104, 368 U.S. App. D.C. 297 (D.C. Cir. 2005)*. [4] Second, plaintiff's argument that a private right of action authorizes this Court to determine whether the Constitution and the Rules Enabling Act "has been violated by the Defendant United States Supreme Court" is precluded by Circuit precedent. See *Marin, 956 F.2d at 340* ("The district court . . . lack[s] subject matter jurisdiction to review any decision of the Supreme Court or its Clerk."). Hence, plaintiff's claims seeking declaratory and injunctive relief against the Supreme Court or other appellate courts and their agents must fail.

> 4   Plaintiff's claims seeking declaratory relief against the Supreme Court and Clerk Langer only allege action by federal actors. "A Bivens action is the federal analog to suits brought against state officials under . . . *42 U.S.C. ß 1983*." *Hartman v. Moore, 547 U.S. 250, 254 n.2, 126 S. Ct. 1695, 164 L. Ed. 2d 441 (2006)* (citing *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971))*. Courts often consider pro se complaints erroneously brought under *ß 1983* to be brought under Bivens. See e.g., *Boulware v. Federal Bureau of Prisons, 518 F.Supp.2d 186 (D.D.C. 2007)*. [*18] However, plaintiffs may only seek damages under Bivens -- "it is damages or nothing." *Davis v. Passman, 442 U.S. 228, 245, 99 S. Ct. 2264, 60 L. Ed. 2d 846 (1979)* (citations omitted). Hence, plaintiff has failed to state a claim against these defendants for which relief may be granted.

IV. Failure to Exhaust Administrative Remedies

Plaintiff brings a claim for damages under the Federal Tort Claims Act (FTCA) against the Marshals Service, alleging that it violated his due process and other constitutional rights by requiring plaintiff to travel with an escort in the United States District Court for the District of Columbia. Am. Compl. at 22. "The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil v. United States, 508 U.S. 106, 113, 113 S. Ct. 1980, 124 L. Ed. 2d 21 (1993)*; *28 U.S.C. ß 2675(a)*. [5] In McNeil, the claimant was a pro se prisoner who had filed an administrative claim four months after filing suit, although before any substantial progress in the litigation had occurred. *508 U.S. at 108*. The McNeil Court ruled that the language of *28 U.S.C. ß 2675(a)* was a "clear statutory command" that required a claimant to file an administrative claim prior to commencement of a lawsuit. *Id. at 113*. [*19] The FTCA defines the terms upon which the United States may be sued for certain torts and "absent full compliance with the conditions . . . placed upon its waiver, courts lack jurisdiction to entertain tort claims against it." *GAF Corp. v. United States, 818 F.2d 901, 904, 260 U.S. App. D.C. 252 (D.C. Cir. 1987)*. Hence, this Court lacks subject matter jurisdiction over plaintiff's FTCA claim if he failed to exhaust administrative remedies.

> 5   "An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." *28 U.S.C. ß 2675(a)*

In ruling on a "motion to dismiss for lack of subject matter jurisdiction under *Fed. R. Civ. P. 12(b)(1)* . . . [a district] court may consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts [*20] plus the court's resolution of disputed facts." *Herbert v. National Academy of Sciences, 974 F.2d 192, 197, 297 U.S. App. D.C. 406 (D.C. Cir. 1992)*. Defendants contend, supported with affidavits, that plaintiff has not made any administrative claims to defendant Marshals Service prior to December 28, 2010, which is after the filing of this lawsuit. Fed. Defs.' Mot. To Dismiss [52] at 11-13.

Case 1:10-cv-02341-ABJ   Document 18-2   Filed 06/17/11   Page 7 of 7

Page 6
2011 U.S. Dist. LEXIS 54452, *

Plaintiff provides an "affidavit[] of his own," that states he filed an administrative claim on December 8, 2009 via the United States Postal Service ("USPS"), Pl's Opp'n [57] at 21; Pl.'s Opp'n [42] at 22-23, but the affidavits supplied by defendants state that the USPS tracking numbers supplied by defendant never came through the USPS system, see Fed. Defs.' Mot. to Dismiss [52] Exs. C & D. This matter is not a "complicated factual dispute" that requires discovery or evidentiary hearings. See *Herbert, 974 F.2d at 198*. Indeed, defendants provide three affidavits from employees at the Marshals Service responsible for FTCA claims that confirm that plaintiff did not file an administrative claim prior to December 28, 2010. See Fed. Defs.' Mot. to Dismiss [52] Exs. A, C & D.

Plaintiff responds that he is entitled to discovery [*21] prior to the Court's resolution of this claim. See Pl's Opp'n [57] at 21; Pl's Mot. For Discovery [49] at 2. However, "[i]t is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending." *Institut Pasteur v. Chiron Corp., 315 F. Supp. 2d 33, 37 (D.D.C. 2004)* (internal citations omitted); see also *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth., 201 F.R.D. 1, 5 (D.D.C. 2001)* ("A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'"). This is not a circumstance where the court should permit discovery for the plaintiff to "discover the facts necessary to establish jurisdiction," see *Herbert, 974 F.2d at 198*, because plaintiff's requested discovery is not targeted to resolve the jurisdictional issue, see Pl's Mot. For Discovery [49] at 2-3, and the motions to dismiss will be dispositive of "the entire case," see *Chavous, 201 F.R.D. at 3*. Hence, the Court will not permit discovery, and finds, based on the ample evidence [*22] in the record, that plaintiff failed to exhaust his administrative remedies. The Court therefore lacks jurisdiction over plaintiff's claims against the Marshals Service, and they must be dismissed. [6]

> 6  Plaintiff also alleges violation of his constitutional rights by individual unnamed United States Deputy Marshals. Am Compl. at 22. Plaintiff acknowledges that he has not served these defendants, as required by *Fed. R. Civ. P. 4*. See Pl's Opp'n [57] at 20. "In a Bivens action against a federal official in his or her individual capacity, the defendant must be served pursuant to rules that apply to individual defendants." *Maye v. Reno, 231 F. Supp. 2d 332, 335 (D.D.C. 2002)*; see also *Simpkins v. District of Columbia Gov't, 108 F.3d 366, 369, 323 U.S. App. D.C. 312 (D.C. Cir.1997)*; *Lawrence v. Acree, 79 F.R.D. 669, 670 (D.D.C.1978)*; *Delgado v. Bureau of Prisons, 727 F.Supp. 24 (D.D.C. 1989)*. Hence, claims against the unidentified individual Deputy Marshals will be dismissed at this time without prejudice for lack of personal service of process.

**CONCLUSION**

The complaint therefore will be dismissed for the above-stated reasons. A separate Order accompanies this Memorandum Opinion.

/s/

JOHN D. BATES

United States District [*23] Judge

Dated: May 23, 2011