UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| SANDWICH ISLES COMMUNICATIONS, INC., GOLD IVORY LLC, HEALII HEINE, and HARRY JOHNSTON,<br><br>                      Plaintiffs,<br><br>                  -against-<br><br>NATIONAL EXCHANGE CARRIER ASSOCIATION,<br><br>                      Defendant. | No. 10-cv-02341 (ABJ)<br><br>**ORAL ARGUMENT REQUESTED** |

**PLAINTIFFS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THEIR MOTION FOR AN ORDER DIRECTING <u>DEFENDANT TO COMPLY WITH ITS DISCOVERY OBLIGATIONS</u>**

Plaintiffs, by their undersigned attorneys, Chadbourne & Parke LLP, respectfully submit this reply memorandum of points and authorities in further support of their motion for an order directing Defendant National Exchange Carrier Association, Inc. ("NECA") to comply with its discovery obligations under Fed. R. Civ. P. 26.

**A.**     <u>**Introduction**</u>

In its opposition brief, Defendant NECA has asked this Court to stay discovery pending its motion to dismiss, notwithstanding that both Plaintiffs and Defendant agree that significant broad-ranging disputes exist between them. <u>See</u> Def.'s Opp. at 2. Defendant asserts that those disputes should be resolved before the FCC. Plaintiffs assert that the FCC cannot and will not adjudicate the claims asserted here. But even if Defendant were right (and it is most decidedly not), case law in this district clearly holds that discovery may proceed even if there is a possibility that all or a portion of the case

may ultimately be dismissed or referred to an agency.  See People With Aids Health Grp. v. Burroughs Wellcome Co., No. 91-0574, 1991 WL 221179 (D.D.C. Oct. 11, 1991); APCC Servs. Inc. v. WorldCom, Inc., 305 F. Supp. 2d 1, 20-21 (D.D.C. 2001).  In the final analysis, discovery will not be "wasted" here: the parties are locked in a significant dispute.  Defendant's efforts to stay discovery should be rejected.

**B.     NECA Has Failed to Show Good Cause for a Stay of Discovery**

As the party seeking excusal from its discovery obligations, Defendant has failed to meet its burden of establishing that there is "good cause" to protect it from discovery that would cause "annoyance, embarrassment, oppression or undue burden or expense." Fed. R. Civ. P. 26(c)(1); see also Beecham v. Socialist People's Libyan Arab Jamahiriya, 245 F.R.D. 1, 3 (D.D.C. 2007); Campbell v. U.S. Dep't of Justice, 231 F. Supp. 2d 1, 6-7 (D.D.C. 2002).  The court should not stay discovery "where the defendant has failed to demonstrate good cause . . . ." Brown v. News World Commc'ns, Inc., No. 89-1572, 1989 WL 508642, at *1 (D.D.C. 1989) (holding that defendant failed to show good cause to stay discovery pending motion to dismiss); see also City of Lancaster v. Flagstar Bank, FSB, No. 2:10-01041, 2011 WL 1326280, at *3-5 (S.D.Ohio Apr. 5, 2011) (holding that good cause to stay discovery pending motion to dismiss was not found, because party "failed to demonstrate that any discovery will be unduly burdensome . . .").

Here, the only argument that Defendant offers for staying discovery is that discovery could be a "waste of time" if the Court ultimately were to dismiss the case. See Def.'s Opp. Br. at 3, 5.  Defendant's argument suggests that discovery should be stayed any time a dispositive motion is pending.  What Defendant continues to ignore, however, is that the Federal Rules of Civil Procedure provide exactly the opposite.

Unlike its obligation to file an answer to the complaint, a defendant's discovery obligations are in no way dependent on whether a motion to dismiss has been filed. See Fed. R. Civ. P. 26; People With Aids Health Grp. v. Burroughs Wellcome Co., No. 91-0574, 1991 WL 221179 (D.D.C. Oct. 11, 1991).

Defendant's invocation of "waste" is particularly misplaced here because the motion to dismiss, regardless of its outcome, will not resolve the substantial dispute between the parties or negate the need for discovery.  Discovery would obviously be needed if the court were to deny the pending motion to dismiss or stay this action in favor of the FCC proceeding.  Yet even if the Court were to refer any part of this case to the FCC, discovery would not have been "wasted" because the issues would still need to be resolved and discovery would have allowed the parties to develop the factual record. Plaintiffs strongly disagree with Defendant's assertion that the issues in this case will be resolved before the FCC.  However, Defendant cannot have it both ways.  If the issues are the same as those before the FCC, as Defendant urges, then discovery in this action will be directly relevant to the FCC proceeding and not a "waste of time."

The absence of good cause to stay discovery contrasts starkly with the harm that would be imposed by further delaying discovery in this matter.  While the harm caused by delay should always be considered, see, e.g., DSMC, Inc. v. Convera Corp., 273 F. Supp. 2d 14, 31 (D.D.C. 2002), it is acutely present in this case where the wrongdoing has imperiled the continued existence of Plaintiff Sandwich Isles Communications, Inc. ("SIC").  Without significant progress toward resolving these claims, SIC faces the prospect of default on its loan commitments and a bankruptcy filing.  See Pls.' Mot. at 6-7 (citing Compl. ¶116).

**C.     NECA Has Failed to Show a Legal Basis for a Stay of Discovery**

The cases cited by Defendant in support of its request for a stay of discovery stand only for the unremarkable proposition that a court has the authority to stay discovery if good cause is shown.  None of the special circumstances present in those cases are present here.  In Sibley v. United States Sup. Ct., No. 10-1696, 2011 U.S. Dist. LEXIS 54452 (D.D.C. May 23, 2011), the court denied a *pro se* plaintiff discovery in its lawsuit against the U.S. Supreme Court and other government officials because the requested discovery was either irrelevant to the court's dismissal of the case or moot in light of the dismissal.  Likewise, the court in Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth., 201 F.R.D. 1 (D.D.C. 2001) acknowledged the need to consider "the harm produced by a delay in discovery," id. at 3, but concluded that there would be no prejudice to the plaintiffs because the discovery sought was not "even relevant to the subject matter of this action."  Id. at 4.[1]

Defendant's citations to Smith v. Potter, No. 09-60901, 2010 U.S. App. LEXIS 21575 (5th Cir., Oct. 13, 2010), Dynamic Image Techs., Inc. v. United States., 221 F.3d 34, 38 (1st Cir. 2000), and Petrus v. Bowen, 833 F.2d 581 (5th Cir. 1987) are also unavailing.  Each of those cases involved an appeal of the dismissal of the action on the

---

[1]   Notably, the court in Chavous, in issuing a stay of discovery, took comfort in the fact that "the parties agree that the grant of [either party's dispositive motion] will be dispositive of the entire case."  Id. at 3 (quotation omitted).  In contrast, the Plaintiffs here have argued that the pending motion to dismiss, even if granted, would not dispose of the entire case and Defendant has recognized the possibility that the Court may not dismiss the entire case by arguing for a stay of the case pending referral of all or part of the case to the FCC on the basis of primary jurisdiction.

grounds that discovery had not been permitted before the dispositive motion was adjudicated. In all of those cases, the appellate court rejected the challenge to the dismissal because there was no showing that the discovery would have been relevant to the motion to dismiss. The remaining case cited by NECA in support of its request for a stay, Institut Pasteur v. Chiron Corp., 315 F. Supp. 2d 33, 37, 40 (D.D.C. 2004), denied as moot the motion to stay discovery without reaching the merits.

**D.    NECA Has Failed to Show that a Stay Would Be Warranted by the Possibility of a Referral of Any Part of this Case to the FCC**

Finally, Defendant appears to have misunderstood Plaintiffs' argument that the potential for referral to an agency does not warrant a stay of discovery any more than the potential for dismissal of the complaint warrants a stay of discovery. See Pls.' Mot. at 4-5. Defendant argues at length that discovery should be stayed in the event that the Court were to stay the case pending a referral to the FCC. But that is not the issue. Rather, Plaintiffs seek discovery now, and argue that there is no basis for staying discovery pending the Court's decision on the motion to dismiss or to stay the case. APCC Servs. Inc. v. WorldCom, Inc., 305 F. Supp. 2d 1, 20-21 (D.D.C. 2001), is exactly on point. There, a court in this district held that the potential for a referral to an agency in the future did not warrant a stay of discovery. Id.

**E.    Conclusion**

In light of Defendant's failure to demonstrate good cause for a stay of discovery that would justify the harm imposed on the Plaintiffs by further delaying the case,

Plaintiffs respectfully request that the Court order Defendant to comply with its discovery obligations under Fed. R. Civ. P. 26.[2]

Dated: Washington, D.C.
       June 27, 2011

                                        CHADBOURNE & PARKE LLP

                                        By          /s/         
                                              James A. Stenger (No. 256750)
                                              Attorneys for Plaintiffs
                                              1200 New Hampshire Avenue, NW
                                              Washington, DC  20036
                                              Tel. (202) 974-5600
                                              jstenger@chadbourne.com

Thomas J. McCormack
Dana Frix
Of Counsel

---

[2] Pursuant to LCvR7(f), Plaintiffs respectfully request that the Court hold oral argument on this motion.